## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAKERA SIMS                                    :
1508 S. Garnet Street                          :        CIVIL ACTION
Philadelphia, PA 19146                         :
                                               :        No.: _____
                    Plaintiff,                 :
                                               :
        v.                                     :
                                               :
FAIRMOUNT LONG TERM CARE                       :
*d/b/a* Philadelphia Nursing Home              :        **JURY TRIAL DEMANDED**
2100 W. Girard Avenue                          :
Philadelphia, PA 19130                         :
                                               :
                    Defendant.                 :
                                               :

## CIVIL ACTION COMPLAINT

Takera Sims (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Fairmount Long Term Care *d/b/a* Philadelphia Nursing Home of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et seq.*) / the Pregnancy Discrimination Act ("PDA"), the American's with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et seq.*), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under Title VII/PDA and the

**JUISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1342(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over the Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standards set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 325 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under Title VII/PDA and ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

**PARTIES**

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with an address as set forth in the caption.

---

ADA. Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under Title VII/PDA and the ADA.

8.      Defendant Fairmount Long Term Care *d/b/a* Philadelphia Nursing Home (*hereinafter* referred to as "Defendant") is a non-profit (non-stock) assisted living center, located at the above-captioned address.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff is a female individual.

12.      On or about March 9, 2017, Plaintiff was hired by Defendant as a full-time Certified Nursing Assistant ("CNA") responsible for administering care and treatments to residents of Defendant.

13.      In or about late-June of 2017, Plaintiff became aware that she was pregnant and apprised Defendant's management, including but not limited to Alison Siano (Unit Manager, *hereinafter* "Siano") and Susan Grande (Assistant Nursing Director, *hereinafter* "Grande") of the same.

14.      During the course of her aforementioned pregnancy, Plaintiff had medical complications and was designated as a high-risk pregnancy by her physicians due to pregnancy-induced hypertension and increased risk of Preeclampsia. As a result of these complications, Plaintiff required reasonable accommodations, including but not limited to temporary light duty, wherein she would not be required to lift and care for Defendant's heavier residents without assistance.

3

15.     In or about late-September of 2017, Plaintiff supplied Siano and Sophie (last name unknown – Unit Manager, *hereinafter* "Sophie") with a doctor's note recommending she only perform light duty due to the aforesaid complications (pregnancy-induced hypertension and increased risk of Preeclampsia) related to her pregnancy.  In response, Plaintiff was told by Siano that she would not be accommodated in any way. Therefore, Plaintiff continued to perform her job full duty.

16.     Upon information and belief other non-pregnant CNAs within Defendant had been accommodated because of work limitations and/or restrictions (sometimes despite the fact that they failed to present a doctor's note advising of same).  By way of example, two CNAs named Barbara (last name unknown) and Tiffany (last name unknown) were often accommodated when asked to assist Defendant's heavier residents.

17.     Further, requests made by Plaintiff to take off work in order to attend pregnancy-related doctor's appointments were ignored and dismissed by Defendant's management, thereby forcing Plaintiff to miss multiple scheduled appointments

18.     In or about early-November of 2017, Plaintiff complained to Siano and Lillian (last name unknown – Charge Nurse, *hereinafter* "Lillian") about the unfair and discriminatory treatment she was being subjected to because of her pregnancy and related medical conditions. In her discussion with Siano, Plaintiff made Siano aware that she knew of other non-pregnant CNAs who were regularly accommodated upon request regarding their work limitations/restrictions.

19.     On or about December 23, 2017, Plaintiff was called into the office of Grande over an alleged incident of insubordination.  During the conversation that followed, Plaintiff

again complained of the unfair and discriminatory treatment she had been experiencing for months since apprising Defendant's management of her pregnancy.

20.     Instead of investigating or resolving Plaintiff's aforesaid legitimate complaints of discrimination, Grande informed Marie Buck (Director, *hereinafter* "Buck") of Plaintiff's alleged insubordination and thereafter immediately suspended her pending an investigation.

21.     In a meeting with Buck a few days after her aforesaid December 23, 2017 meeting with Grande, Plaintiff once again complained that she was being treated unfairly and subjected to pregnancy and disability discrimination.  Plaintiff had complained to Buck (as well as Siano, Lillian, and Grande) previously regarding the same and in response, Buck told Plaintiff to "keep her mouth shut" and abruptly ended the meeting.

22.     Shortly thereafter, with her aforesaid suspension ongoing, Plaintiff received notification from Defendant that she was terminated.

23.     Defendant's purported reason for termination (i.e. insubordination) is completely absurd and pretextual as she was not insubordinate in any way, nor had she received any significant progressive-discipline leading up to her termination from Defendant.

24.     Therefore, Plaintiff believes and avers that she was terminated because of: (1) her pregnancy; (2) her known, perceived, and/or record of disabilities; (3) in retaliation for her complaints about discrimination; and/or (4) in retaliation for requesting reasonable accommodations.

## COUNT I
## <u>Violations of Title VII/PDA</u>
### ([1] Pregnancy Discrimination; [2] Retaliation; [3] Hostile Work Environment)

25.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26.     After apprising Defendant's management of her pregnancy and requesting temporary light-duty (as a result of having a high-risk pregnancy) per her doctors' orders, Defendant's management, including but not limited Siano, Grande, Lillian and Buck repeatedly ignored Plaintiff's requests and did not accommodate her in any way even though similarly-situated CNAs who were not pregnant and did not supply Defendant with a medical note were accommodated.

27.     Defendant's lack of accommodations and disparate treatment towards Plaintiff were so deleterious it (at times) affected her ability to work.

28.     Plaintiff expressed these aforesaid concerns of discrimination to Defendant's management, including but not limited to Siano, Grande, Lillian and Buck.

29.     Instead of investigating or resolving Plaintiff's aforementioned legitimate concerns of pregnancy discrimination, they were ignored and Plaintiff continued to be subjected to discriminatory treatment up and until the time of her termination.

30.     Within short temporal proximity of her complaints of discrimination to Grande and Buck, Plaintiff was abruptly terminated for a stand-alone incident of alleged insubordination.

31.     Plaintiff though was not insubordinate and had not received any significant progressive discipline during her entire tenure with Defendant.

32.     Therefore, Plaintiff believes and avers the alleged reason for her termination was completely pretextual and that she was really subjected to a hostile work environment and

terminated from Defendant because of her pregnancy and/or complaints of pregnancy discrimination.

33.     This action as aforesaid constitutes unlawful discrimination, retaliation, and hostile work environment under Title VII/PDA.

**COUNT II**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Hostile Work Environment; [4] Failure to Accommodate)**

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     In or about late-June of 2017, Plaintiff informed Defendant's management that she was pregnant and diagnosed with pregnancy-induced hypertension and increased risk of Preeclampsia. This caused Plaintiff weakness, exhaustion and at times limited her daily life activities, including but not limited to lifting, pushing, pulling, and controlling her blood pressure.[2]

36.     As a result of her pregnancy-induced hypertension, increased risk of Preeclampsia and related symptoms, Plaintiff was given medical restrictions per doctors' orders limiting her to only light duty – a reasonable accommodation.

---

[2] While pregnancy itself is not considered a disability under the ADA, Courts throughout the United States have held, in light of the 2008 amendments to the ADA that *"complications arising out of pregnancy* can constitute disability sufficient to invoke the ADA, and that whether they actually rise to the level of disability is a question of fact." *Oliver v. Scranton Materials, Inc.*, No. 3:14-CV-00549, 2015 WL 1003981, at *7–8 (M.D. Pa. Mar. 5, 2015); *See also Mayorga v. Alorica, Inc.*, No. 12-21578-CIV, 2012 WL 3043021, at *5 (S.D. Fla. July 25, 2012) ("Thus, where a medical condition arises out of a pregnancy and causes an impairment separate from the symptoms associated with a healthy pregnancy, or significantly intensifies the symptoms associated with a healthy pregnancy, such medical condition may fall within the ADA's definition of a disability"). *Hernandez v. City of Hartford*, 959 F.Supp. 125 (D.Conn.1997) (premature onset of labor that could only be controlled with medication constituted a disability); *Gabriel v. City of Chicago*, 9 F.Supp.2d 974 (N.D.Ill.1998) (back pain, stomach pain, swelling, and premature birth constituted "physical impairments"); *Soodman v. Wildman, Harrold, Allen & Dixon*, No. 95C3834, 1997 WL 106257, at *6 (N.D.Ill. Feb. 10, 1997) (incompetent cervix causing danger of pre-term labor constituted disability under ADA); *Cerrato v. Durham*, 941 F.Supp. 388 (S.D.N.Y.1996) (denying motion to dismiss ADA claim when the plaintiff suffered from spotting, leaking, cramping, dizziness, and nausea during pregnancy).

37.     Defendant's management ignored Plaintiff's requests for reasonable accommodations and subjected her to hostility and disparate treatment.

38.     In response, Plaintiff complained of this aforesaid discriminatory conduct to Defendant's management, including but not limited to Siano, Lillian, Grande and Buck who instead of resolving or investigating the matter, proceeded to ignore Plaintiff's complaints and leave them unresolved.

39.     Shortly after her last complaint to Buck about the aforementioned discrimination, Plaintiff was abruptly terminated for pretextual reasons allegedly related to insubordination, even though Plaintiff did not have any significant formal discipline against her.

40.     Therefore, Plaintiff believes and avers that she was terminated from Defendant because of her actual and/or perceived disabilities, record of impairment, and/or requested accommodations

41.     Plaintiff also believes and therefore avers that Defendant failed to accommodate her by refusing to provide her with light duty (even though this has proven to be a reasonable accommodation for other employees working within Defendant).

42.     These actions as aforesaid constitute unlawful discrimination, retaliation, a hostile work environment and a failure to accommodate under the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, training, promotions, reinstatement and seniority;

     C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

     D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering, and humiliation); and

     E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Date:  July 17, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Takera Sims | : | CIVIL ACTION |
| v. | : | |
| Fairmount Long Term Care d/b/a Philadelphia Nursing Home | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| 7/17/2018 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   1508 S. Garnet Street, Philadelphia, PA 19146

Address of Defendant:   2100 W. Girard Avenue, Philadelphia, PA 19130

Place of Accident, Incident or Transaction:   Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | |
|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐   No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐   No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐   No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐   No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   7/17/2018                                   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.**  **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,   Ari R. Karpf   , counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE:   7/17/2018                                   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SIMS, TAKERA

**DEFENDANTS**

FAIRMOUNT LONG TERM CARE d/b/a PHILADELPHIA NURSING HOME

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); ADA (12101)
Brief description of cause:
Violations of Title VII, PDA, ADA, PHRA and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   7/17/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[ Print ]   [ Save As... ]   [ Reset ]